UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Edgar Velez,<br><br>Plaintiff,<br><br>- vs. —<br><br>Sabor Toribio Restaurant Inc. d/b/a Sabor Toribio, Reynaldo Toribio, and Dania Toribio,<br><br>Defendants. | DOCKET NO. 16-cv-_____<br><br>**COMPLAINT** |

Plaintiff Edgar Velez, by and through his undersigned attorneys, for his complaint against Defendants Sabor Toribio Restaurant Inc., Reynaldo Toribio, and Dania Toribio, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff Edgar Velez alleges that he is entitled to: (i) unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants' violations lacked a good faith basis.

2. Mr. Velez further complains that he is entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work

for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3. Plaintiff Velez is an adult individual residing in Brooklyn, New York.

4. Mr. Velez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5. Upon information and belief, Defendant Sabor Toribio Restaurant Inc. is a New York corporation that operates Sabor Toribio Restaurant, with a principal place of business at 446 Wilson Ave, Brooklyn, New York 11237.

6. At all relevant times, Defendant Sabor Toribio Restaurant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, Defendant Sabor Toribio Restaurant has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, Defendant Sabor Toribio Restaurant has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, Defendant Sabor Toribio Restaurant has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, Defendant Reynaldo Toribio is an owner or part owner and principal of Sabor Toribio Restaurant, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Defendant Reynaldo Toribio was involved in the day-to-day operations of Sabor Toribio Restaurant and played an active role in managing the business.

12. Upon information and belief, Defendant Dania Toribio is an owner or part owner and principal of Sabor Toribio Restaurant, who has the power to hire and fire employees, set wages and schedules, and maintain their records. Defendant Dania Toribio was, in fact, the person who fired Mr. Velez.

13. Defendant Dania Toribio was involved in the day-to-day operations of Sabor Toribio Restaurant and played an active role in managing the business.

14. Defendants constituted "employers" of Mr. Velez as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## FACTS

17. At all relevant times herein, Defendants owned and operated a Latin American restaurant in Brooklyn.

18. Mr. Velez was employed by defendants from approximately November 18, 2012 through November 1, 2016.

19. Mr. Velez was employed as a cook.

20. Mr. Velez's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

21. At all relevant times herein, Mr. Velez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22. Mr. Velez began his employment with Defendants by working six days per week, and after a month, his hours were increased to seven days per week.

23. Mr. Velez worked every day from approximately 4:30 A.M. to 2:30 P.M.

24. As a result, Mr. Velez worked roughly 60 hours per week for the first month of his employment, and 70 hours per week thereafter.

25. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

26. Mr. Velez was paid a weekly salary during his employment with Defendants, with his pay not varying regardless of the precise number of hours that he worked that week.

27. Mr. Velez was always paid his wages either by Defendant Reynaldo Toribio, or by Defendant Dania Toribio.

28. When Mr. Velez started his employment with Defendants, his weekly pay was $400. In approximately November 2013, his pay was raised to $450 per week.

29. As a result, his effective rate of pay was always below the statutory state and federal minimum wages in effect at relevant times.

30. Defendants' failure to pay Mr. Velez an amount at least equal to the minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

31. Mr. Velez was paid cash throughout his employment, and received no paystubs or wage statements with his pay.

32. In addition, Defendants failed to pay Mr. Velez any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

33. Defendants' failure to pay Mr. Velez the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

34. Mr. Velez worked seven shifts per week that lasted in excess of ten hours from start to finish, yet Defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day he worked shifts lasting longer than ten hours, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

35. Defendants failed to provide Mr. Velez with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

36. Defendants failed to provide Mr. Velez with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

38. At all relevant times, Defendants employed Mr. Velez within the meaning of the FLSA.

39. Defendants failed to pay compensation greater than the statutory minimum wage to Mr. Velez for all hours worked.

40. As a result of Defendants' failure to compensate Mr. Velez at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. Due to Defendants' FLSA violations, Mr. Velez is entitled to recover from Defendants his unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (Fair Labor Standards Act - Overtime)

43. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44. At all relevant times, Defendants employed Mr. Velez within the meaning of the FLSA.

45. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

46. As a result of Defendants' willful failure to compensate Mr. Velez at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

48. Due to Defendants' FLSA violations, Mr. Velez is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law – Minimum Wage)

49. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

50. At all relevant times, Mr. Velez was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

7

51.   Defendants willfully violated Mr. Velez's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

52.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

53.   Due to Defendants' New York Labor Law violations, Mr. Velez is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law - Overtime)

54.   Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55.   At all relevant times, Mr. Velez was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56.   Defendants willfully violated Mr. Velez's rights by failing to pay him overtime compensation at rates at least one-and-one-half times his regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

57.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58. Due to Defendants' New York Labor Law violations, Mr. Velez is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

59. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

60. At all relevant times, Mr. Velez was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

61. Defendants willfully violated Mr. Velez's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting longer than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

62. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

63. Due to Defendants' New York Labor Law violations, Mr. Velez is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

64. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, Mr. Velez was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66. Defendants willfully violated Mr. Velez's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

67. Defendants willfully violated Mr. Velez's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

68. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Velez is entitled to recover from Defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

69. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Velez is entitled to recover from Defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Velez respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

g. Liquidated damages for Defendants' New York Labor Law violations;

h. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other, further, and different relief as this Court deems just and proper.

Dated: November 3, 2016

/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff*

12

**EXHIBIT A**

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Sabor Toribio. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Sabor Toribio. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

X _____
Edgar Velez

Date: November 2, 2016