## SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** Edgar Velez ("Plaintiff") and Sabor Toribio Restaurant, Inc. ("Sabor Toribio"), Reynaldo Toribio ("R. Toribio"), and Dania Toribio ("D. Toribio") (jointly "Defendants") as follows:

**WHEREAS,** Plaintiff commenced an action in United States District Court, Eastern District of New York (the "Court") on November 3, 2016 styled as *Edgar Velez v. Sabor Toribio Restaurant, Inc. d/b/a Sabor Toribio et al*, Docket 1:16-cv-06117-ENV-SJB (hereinafter the "Action") in which he has asserted various claims and avers that he is entitled to alleged unpaid wage and unpaid overtime compensation and payment by Defendants under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for notice violations and wage statement violations under the NYLL; and

**WHEREAS,** Defendants deny all of the material allegations asserted by Plaintiff and deny and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff; and

**WHEREAS,** the purpose of this Agreement is to settle this action; and

**WHEREAS,** the Court directed Plaintiff and Defendants to mediate Plaintiff's claims in the Action under Local Rule 83.9; and

**WHEREAS,** the Parties exchanged documents and information to facilitate settlement discussions; and

**WHEREAS,** on June 6, 2017, the Parties engaged in mediation of the claims in the Action, with Mediator William G. Binckes that was unsuccessful;

**WHEREAS,** the parties engaged in several months of negotiations, and reached the fundamental terms of this Settlement Agreement in approximately February 2018 (hereinafter, the "Agreement"); and

**WHEREAS,** the Agreement is subject to the review and approval of the Court, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

**WHEREAS,** the Parties shall submit to the Court a joint statement explaining the basis for the proposed Settlement;

**WHEREAS,** the Agreement is contingent on the Court's approval of the Settlement; and

**WHEREAS,** Plaintiff and Defendants, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes by entering into this Agreement:

**NOW, THEREFORE,** Plaintiff and Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1. Plaintiff shall not hereafter directly or indirectly commence and/or continue or participate in any lawsuit, charge, claim or proceeding in any forum against Defendants, either individually or jointly, relating to any obligation or claim concerning Plaintiff's claims asserted in the Action or otherwise arising under the FLSA and/or the NYLL arising on or before the effective date of this Agreement.

2. In full, final and complete settlement of the claims under the facts at issue in the Action and hereafter precluded by law, Defendants hereby agrees to cause to be paid to Plaintiff the total aggregate sum of **Twenty Thousand Dollars and Zero Cents ($20,000.00)**, to be divided as follows:

   A. **$12,979.33** to Plaintiff.
   B. **$7,020.67** to Samuel and Stein (**$6,489.67** as and for attorneys' fees, and **$531** as reimbursement for filing and service of process expenses).

The Company will make the above payments by sending the checks via overnight delivery to Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001 in the following manner:

   A. One check of **$6,489.67** to Plaintiff, payable on a W-2 form.
   B. One check of **$6,489.67** to Plaintiff, payable on a 1099 form.
   C. One check of **$7,020.67** to the Law Office of Samuel & Stein, payable on a 1099 form.

In the event the date for the payment of any amount set forth in this Agreement falls on a Saturday, Sunday or legal holiday, the date for payment of such amount shall be extended to the next business day.

3. Plaintiff hereby stipulates, acknowledges and understands that, in consideration of payment of the Settlement Funds, said payment constituting good and valuable consideration, Plaintiff hereby, acting on his own free will and volition, and on behalf of himself, his heirs, administrators, executors, representatives, successors and assigns, releases Defendants, individually and jointly, their subsidiaries, affiliates, shareholders, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, from debts, obligations, claims, demands, orders, judgments or causes of action arising out of the FLSA and/or the NYLL, from the beginning of the world to the date of execution of this Agreement.

4. Defendants reciprocally release Plaintiff from all FLSA and NYLL labor and employment-related liabilities, debts, claims and causes of action arising out of the claims and or facts at issue in the action by reason of Plaintiff's employment with Defendants, from the beginning of the world through the date of the effective date of this Agreement

5. The Parties have not and will not engage in any conduct that is injurious to the reputation and interests of the other including publicly disparaging (or inducing or encouraging

others to publicly disparage), denigrating, or criticizing Plaintiff or Defendants regarding any subject matter, including without limitation those that are relevant to the instant proceedings, and settlement. This condition shall not be construed to include truthful statements by Plaintiff or Defendants regarding the subject-matter of this lawsuit.

      6.    Plaintiff understands and agrees that he has been advised that he has twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

      **7.**    Plaintiff understands and agrees that he has been advised to consult with his own attorney before signing this Agreement, and that he has done so by consulting Michael Samuel of Samuel & Stein. Plaintiff acknowledges and agrees that he has not relied upon any advice from Plaintiff's Counsel or Defendants as to the taxability of the payments received pursuant to this Agreement.

      8.    Defendants understand and agree that they have been advised to consult with their own attorney before signing this Agreement.

      9.    Plaintiff shall hold Defendants harmless from and indemnify Defendants from any loss, claim or demand by any taxing authority or other entity for any taxes, penalties or interest asserted to be due and owing by Defendants, or any of them, with respect to the payments made to Plaintiff in accordance with this Agreement, including without limitation all costs and attorneys' fees that may be incurred by Defendants, or any of them, by reason of any such loss, claim or demand.

      10.    By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of Defendants, who expressly deny any liability to Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

      11.    If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall

have the meaning that renders it valid.

12. In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

13. By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

14. This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

   A. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

   B. Each of the Parties has participated in negotiating and drafting this Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

15. Any breach or violation of this Agreement by either party will be considered a material breach of this Agreement and will entitle the other party to recover actual damages, if any, caused by the breach or violation. In addition, the non-breaching party may seek legal or equitable relief, including, but not limited to, injunctive relief or other equitable relief as it may deem appropriate. If Defendants fail to make payment in accordance with this agreement, Plaintiff shall provide Defendants with 10 days' written notice of the alleged breach with an opportunity to cure.

16. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

17. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff: Michael Samuel, Esq., Samuel and Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001.

For Defendants: Reynaldo Toribio, 34 Elder Lane, Apt 1, Woodhaven, NY 11421.

15.     The parties to this Agreement expressly acknowledge that this Agreement reflects a reasonable compromise of the disputed issues and that the proposed settlement is fair and reasonable under the totality of the circumstances. Accordingly, the parties mutually agree that amicable and swift settlement satisfactory to Plaintiff and Defendants is an appropriate resolution of this dispute, thereby avoiding further time, energy and costs to the parties and to the Court.

By signing below, each party acknowledges and represents that the settlement amount is fair and reasonable and takes into account any and all claims that Plaintiff has raised under the facts or claims as of the date of this agreement against Defendants under the FLSA and NYLL for alleged unpaid wage and unpaid overtime compensation, and under the NYLL for notice and wage statement notice violations, as well as any other wage payment claim that has or could have been at issue in the Action.

x _____  
Edgar Velez, *Plaintiff*

Date: March 5, 2018

x _____  
Reynaldo Toribio, *on behalf of all Defendants*

Date: March 6, 2018

5